UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA QASEM,

    Plaintiff,

v.                                     Case No: 2:12-cv-596-FtM-29DNF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #20), filed on February 11, 2014, recommending that the Decision of the Commissioner be affirmed.  Plaintiff filed an Objection to the Report and Recommendation (Doc. #23) on March 12, 2014.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)).  Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59).   Even if the evidence

preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of SSA, 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

Plaintiff asserts that the Report and Recommendation erroneously found (1) that substantial evidence supported the Administrative Law Judge's (ALJ) finding plaintiff could perform a limited range of light work despite using a cane; and (2) that the ALJ properly failed to consult a vocational expert at Step Four of the evaluation process to determine whether plaintiff was capable of performing her past relevant work as an office clerk. After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation. Substantial evidence supports the finding that plaintiff could perform a limited range of light work despite her use of a cane, and the ALJ

was not required to call a vocational expert to make the Step Four determination.  Plaintiff's cases addressing Step Five of the evaluation process are not controlling or persuasive at Step Four.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #20) is **accepted and adopted** by the Court.

2. Plaintiff's Objection to the Report and Recommendation (Doc. #23) is **overruled.**

3. The Decision of the Commissioner of Social Security is **affirmed**.

4. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of March, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record